

**William M. Harter**
Partner
P: +1 614.559.7226
F: +1 614.464.1737
wharter@fbtgibbons.com

March 4, 2026

United States Court of Appeals for the Sixth Circuit
501 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio 45202-3988

   RE: *3371 Reading, LLC v. Liberty Mutual Group, Inc., et al.*
      Case No. 25-3439

To Whom It May Concern:

  The parties are completely diverse under 28 U.S.C. §1332. Appellees agree with Appellants' position (Doc. 36). Further, Appellee Jones advises that he still lives in Colorado, four years post-removal. This hopefully assuages any concern regarding the "intention to remain there" component of *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990).

  Complete diversity of citizenship has always existed where Appellants are or may be citizens of Ohio, Texas and Israel, and Appellees are or may be citizens of Massachusetts, New Hampshire, Colorado and Indiana.

  The Court's Order provides that, if it is not satisfied that complete diversity of citizenship exists, "the district court's judgment on the merits must be vacated." (Doc. 35-1, citing *Hain Celestial Group, Inc. v. Palmquist*, No. 24-724, 2026 WL 501733, at *3 (U.S. Feb. 24, 2026).) Appellees respectfully disagree. In *Hain*, the Court held that a District Court could not enter a final judgment after a diversity-destroying defendant was improperly dismissed on the merits. *Id.* at *4. The parties in *Hain* never disputed that that defendant destroyed complete diversity while in the case.

  Appellees believe the parties have established diversity jurisdiction, such that this Court can rule on the merits. See *U.S. Framing Int'l. LLC v. Continental Bldg. Co.*, 134 F.4th 423, 429 (6th Cir. 2025) ("We are now assured that complete diversity exists.") But, if the Court disagrees, the proper course is to remand with instructions to the District Court to make a factual determination regarding diversity. *Lubinski v. Hub Group Trucking, Inc.*, 634 FedAppx. 587 (6th Cir. 2016); *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir.1992) ("The appropriate remedy is to remand the matter to the district court to sort out the relevant facts and make a factual determination concerning diversity.") No basis exists to vacate the District Court's judgment.

United States Court of Appeals for the Sixth Circuit
March 4, 2026
Page 2

Respectfully,

*/s/ William M. Harter*

William M. Harter

0000T69.0750346   4902-0436-7508v1